IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

REGINALD T. RAINES     PLAINTIFF

vs.     No. 1:06CV141-D-D

CLAY COUNTY, MISSISSIPPI     DEFENDANT

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

### A. Factual Background

On the night of June 29, 2005, the Plaintiff was arrested by the Clay County Sheriff's Department for making an improper turn in his vehicle and for failure to comply; he was subsequently also issued a ticket for "DUI - other substance." The Plaintiff was released on bail less than 48 hours after his arrest. The failure to comply and improper turn charges were dismissed and the Plaintiff was later found not guilty of the DUI charge.

On May 12, 2006, the Plaintiff filed the current action pursuant to 42 U.S.C. § 1983 and state law against Clay County and against Officer Jerimiah Staten in his individual capacity[1], asserting claims for, *inter alia*, deprivation of his constitutional rights under the 4th, 5th, and 14th Amendments and failure to train and supervise. The Defendant has now moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to

---

[1] Officer Staten was dismissed as a Defendant in this action on September 26, 2006; the sole remaining Defendant at this juncture is Clay County, Mississippi.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Local governments, such as Clay County, may be sued for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decision-making channels. Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978); see Grabowski v. Jackson County Public Defenders Office, 79 F.3d 478, 479 (5th Cir. 1996) (*en banc*) (holding that municipalities may

be held liable for acts which violated a citizen's constitutional rights if the alleged harmful actions resulted from a policy, custom, or practice that evinced objective deliberate indifference to the citizen's constitutional rights). This "policy or custom" may also be created by those whose "edicts or acts" may fairly be said to represent official policy. Monell, 436 U.S. at 694. But, only those municipal officials who have "final policymaking authority" may, by their edicts or acts, subject the government to §1983 liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298-99, 89 L. Ed. 2d 452 (1986); City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 108 S.Ct. 915, 924, 99 L. Ed. 2d 107 (1988).

### C. Discussion

The Plaintiff asserts numerous claims against Clay County, primarily asserting state law claims that the County failed to properly train and supervise Officer Staten, and federal claims that the County is responsible, via respondeat superior, for Officer Staten having arrested the Plaintiff without probable cause.

#### a. Federal Claims

The Plaintiff first raises federal claims against the County, asserting that it is liable for Officer Staten's allegedly unlawful actions on the night of June 29, 2005. The Plaintiff primarily argues that the City is liable under a theory of respondeat superior for Officer Staten's actions, although he also raises a failure to train claim.

Clay County is the sole remaining Defendant in this action. Asserting a federal claim against a government entity itself requires the plaintiff to make out Monell-type proof of an official policy or custom as the cause of the subject constitutional violation. It is axiomatic that claims brought pursuant to 42 U.S.C. § 1983 may not be advanced under respondeat superior or vicarious liability.

Monell, 436 U.S. at 690-91. Instead, as noted above, local governments may only be sued for constitutional deprivations visited pursuant to governmental policy or custom. Monell, 436 U.S. at 690-91; see Grabowski, 79 F.3d at 479. In the case *sub judice*, however, the Plaintiff has wholly failed to identify an official policy, practice or procedure relating to the claims at issue, and he has also not attempted to identify a policymaker whose edicts or acts may subject Clay County to liability; thus, the court finds that the Plaintiff's section 1983 claims against the County fail under Monell and its progeny. Webster v. City of Houston, 735 F.2d 838 (5th Cir. 1984).

In addition, in order to establish a failure to train/supervise claim, the Plaintiff must demonstrate that the County exhibited "deliberate indifference" to the likelihood of constitutional violations; as part of this claim, the Plaintiff must show a "pattern of similar violations" that demonstrates the requisite deliberate indifference. Johnson v. Deep East Texas Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004). In the case *sub judice*, however, the Plaintiff has made no effort whatsoever to demonstrate a pattern of similar searches and seizures similar to what he alleges he experienced on the night of June 29, 2005. Accordingly, pursuant to the above-cited authority, the Plaintiff's failure to train/supervise claim fails as a matter of law.

Based on the above authorities and the submissions before the court, the court finds that dismissal of the all of the Plaintiff's federal claims against Clay County is appropriate; no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law on these claims.

b. State Law Claims

As for the Plaintiff's state law claims, the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 through 11-46-23 (Rev. 2002), provides the exclusive remedy against governmental entities

for acts or omissions which give rise to a suit, and any state law claim filed against a governmental entity in Mississippi must be brought under this statutory scheme. Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So. 2d 1234, 1236 (Miss. 1999). One section of the Act, 11-46-9, provides exemptions to liability for governmental entities, and any alleged acts or omissions that fall under one or more of Section 11-46-9's exemptions may not form the basis of that entity's liability in a lawsuit. Lang, 764 So. 2d at 1237. One of Section 11-46-9's exemptions, 11-46-9(c), is relevant in this case. Section 11-46-9(c) provides that a governmental entity shall not be liable for any claim:

> [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury . . .

Miss. Code Ann. § 11-46-9(c) (Rev. 2002).

Here, the Plaintiff has simply not demonstrated, to any degree whatsoever, that Officer Staten (or any other member of the Clay County Sheriff's Department) acted in reckless disregard of the Plaintiff's safety or well-being. Thus, based on the clear language set forth in Section 11-46-9(c) of the Mississippi Code, the court finds that the Defendant Clay County is entitled to immunity from the Plaintiff's state law claims. The Plaintiff's state law claims are barred because the Plaintiff has failed to adequately allege that Officer Staten acted in reckless disregard to the Plaintiff's safety or well-being during the circumstances giving rise to this lawsuit.

### D. Conclusion

In sum, the court finds that the Plaintiff has simply not offered sufficient evidence to overcome summary judgment. As previously noted, "mere allegations or denials" are insufficient to adequately oppose a motion for summary judgment. Fed. R. Civ. P. 56(e). Instead, as previously

noted, a party facing a summary judgment motion must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. The Plaintiff has wholly failed to do so in this case. Accordingly, the court finds that the Defendant's motion for summary judgment should be granted. The Defendant has shown that there are no genuine issues of material fact and it is entitled to judgment as a matter of law on all of the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 19th day of November 2007.

/s/ Glen H. Davidson
Senior Judge